**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| MAXELL, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC. and<br>LG ELECTRONICS U.S.A., INC.,<br><br>Defendants. | Civil No. 5:23-cv-00152-RWS<br><br>**JURY TRIAL REQUESTED** |

**DEFENDANTS' ANSWER TO PLAINTIFF'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Defendants LG Electronics Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "Defendants" or "LG"), by and through their attorneys, file this Answer to Plaintiff Maxell, Ltd.'s ("Plaintiff" or "Maxell") Complaint for Patent Infringement ("Complaint"). The numbered paragraphs in this Answer correspond to the like-numbered paragraphs of the Complaint, to the extent applicable. LG denies all allegations and characterizations except those specifically admitted.

Specifically, LG answers as follows:

**OVERVIEW[1]**

1. LG admits that Plaintiff's Complaint purports to state a cause of action for patent infringement, but LG denies that it has committed any acts of patent infringement. LG is without

[1] LG repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this Answer. In doing so, LG makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, LG specifically denies all such allegations.

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies those allegations.

3. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies those allegations.

4. LG denies that it has committed any acts of patent infringement, whether knowing or otherwise. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint and therefore denies those allegations.

5. LG denies that it has committed any acts of patent infringement, whether knowing or otherwise. Plaintiff's remaining allegations in Paragraph 5 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

6. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies those allegations.

## NATURE OF THE ACTIONS

7. LG admits that Plaintiff's Complaint purports to state a cause of action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, but LG denies that it has committed any acts of patent infringement.

## PARTIES

8. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies those allegations.

9. LGE admits that it is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at LG Twin Towers, 128 Yeoui-daero

Yeongdeungpo-gu, Seoul, South Korea. LGE denies the remaining allegations in Paragraph 9 of the Complaint.

10. LGEUS admits that it is a Delaware corporation having a principal place of business at 111 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LGEUS admits that it is a wholly owned subsidiary of LGE. To the extent Paragraph 10 states legal conclusions, no response is required. LG denies the remaining allegations in Paragraph 10 of the Complaint.

11. Plaintiff's allegations in Paragraph 11 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

## JURISDICTION AND VENUE

12. LG admits that this Court has subject matter jurisdiction over actions for alleged patent infringement arising under 35 U.S.C. § 271 *et seq.* pursuant to 28 U.S.C. §§ 1331 and 1338(a), but LG denies that it has committed any acts of patent infringement.

13. LGEUS admits that it has sold and offered for sale in the United States, and imported into the United States, certain smartphones, laptops, and tablets. LG admits that, in the *Spacetime3D* case, LG stated that it "d[id] not contest that the Court ha[d] personal jurisdiction over LGE Inc. or LGEUS for the purposes of th[at] particular action only, but d[id] not waive the right to contest personal jurisdiction in any other case or action in this District." No 2:22-cv-00049-RWS, Dkt. 19 (LG's June 20, 2022 Answer and Affirmative Defenses), ¶ 8. LG denies that it has committed acts of patent infringement, in this District, the State of Texas, or elsewhere. Paragraph 13 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, LG denies the allegations.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG denies the allegations.

15. Venue in the Eastern District of Texas is not convenient under 28 U.S.C. § 1404. LGE admits that it is organized under the laws of the Republic of Korea. The remaining allegations in Paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, LG denies the allegations.

16. Paragraph 16 of the Complaint contains legal conclusions to which no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the allegations.

**COUNT 1 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,856,760**

17. LG incorporates by reference paragraphs 1–16 as if fully set forth herein.

18. LG admits that, on its face, U.S. Patent No. 6,856,760 ("the '760 patent") is titled "RECORDING MEDIUM" and reads "Date of Patent: *Feb. 15, 2005." LG admits that Exhibit 1 to the Complaint is a purported copy of the '760 patent. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and therefore denies those allegations.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

21. Plaintiff's allegations in Paragraph 21 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

22. LG denies that it has committed any acts of patent infringement. Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

25. LG denies that it has committed any acts of patent infringement. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

26. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG admits that a pdf bearing the title "User Guide LG V60 ThinQ™ 5G UW LM-V600VM OS: Android™ 11" can be accessed (as of April 23, 2024) at https://ss7.vzw.com/is/content/VerizonWireless/Catalog%20Assets/Devices/LG/LG_V60_ThinQ/userguide/lg-v60-thinq-5g-lm-v600vmengug-user-manual-en-03132020.pdf. LG further admits that a webpage bearing the title "Manuals & Documents" can be accessed (as of April 23, 2024) at https://www.lg.com/us/support/manuals-documents. LG further answers that this pdf and webpage speak for themselves and no further response is required. Paragraph 26 of the Complaint further contains legal conclusions to which no response is required.

To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

27. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

28. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

29. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG admits that a document purporting to be correspondence bearing the names "Mr. Hwi jae Cho" and "Tatsuya Yamamoto" and the date "July 19, 2021" was attached as Exhibit 2 to the Complaint. LG further answers that this document speaks for itself and no further response is required. Paragraph 29 of the Complaint further contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are vague and indefinite, and LG denies the allegations.

30. LG denies that it has committed any acts of patent infringement. Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG denies the allegations.

31. LG denies the allegations in Paragraph 31 of the Complaint.

**COUNT 2 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,973,334**

32. LG incorporates by reference paragraphs 1–31 as if fully set forth herein.

33. LG admits that, on its face, U.S. Patent No. 6,973,334 ("the '334 patent") is titled "CELLULAR TELEPHONE" and reads "Date of Patent: Dec. 6, 2005." LG admits that Exhibit 3 to the Complaint is a purported copy of the '334 patent. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and therefore denies those allegations.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

36. LG denies that it has committed any acts of patent infringement. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

39. LG admits that a webpage bearing the title "UMTS Power Control" can be accessed (as of April 23, 2024) at https://www.umtsworld.com/technology/power.htm. LG further answers that this webpage speaks for itself and no further response is required. Paragraph 39 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

42. Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

43. LG refers to, and incorporates by reference, its response in ¶ 39, *supra*, regarding https://www.umtsworld.com/technology/power.htm. Paragraph 43 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

44. LG admits that a webpage containing paragraphs bearing the titles "Power Amplifier Modules" and "Power trackers" can be accessed (as of April 23, 2024) at https://www.qualcomm.com/products/technology/modems/rf. LG further admits that a webpage bearing the title "Snapdragon 865 5G Mobile Platform" can be accessed (as of April 23, 2024) at https://www.qualcomm.com/products/mobile/snapdragon/smartphones/snapdragon-8-series-

mobile-platforms/snapdragon-865-5g-mobile-platform. LG further answers that these webpages speak for themselves and no further response is required. Paragraph 44 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

45. LG denies that it has committed any acts of patent infringement. Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

46. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its responses in ¶ 26, *supra*, regarding Plaintiff's website allegations. Paragraph 46 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

47. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

48. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

49. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 29, *supra*, regarding Exhibit 2. Paragraph 49 of the Complaint further

contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are vague and indefinite, and LG denies the allegations.

50. LG denies that it has committed any acts of patent infringement. Paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG denies the allegations.

51. LG denies the allegations in Paragraph 51 of the Complaint.

**COUNT 3 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,199,821**

52. LG incorporates by reference paragraphs 1–51 as if fully set forth herein.

53. LG admits that, on its face, U.S. Patent No. 7,199,821 ("the '821 patent") is titled "IMAGING APPARATUS AND METHOD FOR CONTROLLING WHITE BALANCE" and reads "Date of Patent: Apr. 3, 2007." LG admits that Exhibit 4 to the Complaint is a purported copy of the '821 patent. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Complaint and therefore denies those allegations.

54. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

55. Plaintiff's allegations in Paragraph 55 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

56. Plaintiff's allegations in Paragraph 56 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

57. Paragraph 57 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

58. LG denies that it has committed any acts of patent infringement. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

59. Paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

60. LG denies that it has committed any acts of patent infringement. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

61. LG denies that it has committed any acts of patent infringement. Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

62. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 26, *supra*, regarding Plaintiff's website allegations. Paragraph 62 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

63. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 63 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

64. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

65. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

66. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 29, *supra*, regarding Exhibit 2. Paragraph 66 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

67. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

68. LG denies the allegations in Paragraph 68 of the Complaint.

**COUNT 4 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,244,284**

69. LG incorporates by reference paragraphs 1–68 as if fully set forth herein.

70. LG admits that, on its face, U.S. Patent No. 10,244,284 ("the '284 patent") is titled "DISPLAY APPARATUS AND VIDEO PROCESSING APPARATUS" and reads "Date of Patent: Mar. 26, 2019." LG admits that Exhibit 5 to the Complaint is a purported copy of the '284 patent. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of the Complaint and therefore denies those allegations.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

72. Plaintiff's allegations in Paragraph 72 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

73. Plaintiff's allegations in Paragraph 73 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

75. LG denies that it has committed any acts of patent infringement. Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

76. Paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

77. Paragraph 77 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

80. Paragraph 80 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

81. LG denies that it has committed any acts of patent infringement. Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

82. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 26, *supra*, regarding Plaintiff's website allegations. Paragraph 82 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

83. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 83 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

84. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

85. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

86. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 29, *supra*, regarding Exhibit 2. Paragraph 86 of the Complaint further contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are vague and indefinite, and LG denies the allegations.

87. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

88. LG denies the allegations in Paragraph 88 of the Complaint.

**COUNT 5 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,339,493**

89. LG incorporates by reference paragraphs 1–88 as if fully set forth herein.

90. LG admits that, on its face, U.S. Patent No. 8,339,493 ("the '493 patent") is titled "ELECTRIC CAMERA" and reads "Date of Patent: *Dec. 25, 2012." LG admits that Exhibit 6 to the Complaint is a purported copy of the '493 patent. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 of the Complaint and therefore denies those allegations.

91. Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

92. Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

93. Plaintiff's allegations in Paragraph 93 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

94. LG denies that it has committed any acts of patent infringement. Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

96. Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

97. LG admits that a webpage bearing the text "LG V60 ThinQ™ 5G" and "Technical Specifications" can be accessed (as of April 23, 2024) at https://www.lg.com/us/cell-phones/lg-lmv600amaattcb-att-v60-thinq-5g. LG denies that is has committed any acts of patent infringement. Plaintiff's remaining allegations in Paragraph 97 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

98. LG denies that it has committed any acts of patent infringement. Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

99. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 26, *supra*, regarding Plaintiff's website allegations. Paragraph 99 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

100. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 100 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

101. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 101 of the Complaint contains

legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

102. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

103. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 29, *supra*, regarding Exhibit 2. Paragraph 103 of the Complaint further contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are vague and indefinite, and LG denies the allegations.

104. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 104 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

105. LG denies the allegations in Paragraph 105 of the Complaint.

**COUNT 6 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,736,729**

106. LG incorporates by reference paragraphs 1–105 as if fully set forth herein.

107. LG admits that, on its face, U.S. Patent No. 8,736,729 (“the ’729 patent”) is titled “ELECTRIC CAMERA” and reads “Date of Patent: *May 27, 2014.” LG admits that Exhibit 7 to the Complaint is a purported copy of the ’729 patent. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the Complaint and therefore denies those allegations.

108. Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and therefore denies those allegations.

109. Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint and therefore denies those allegations.

110. Plaintiff's allegations in Paragraph 110 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

111. LG denies that it has committed any acts of patent infringement. Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

112. Paragraph 112 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

113. Paragraph 113 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

114. Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

115. LG refers to, and incorporates by reference, its response in ¶ 97, *supra*, regarding https://www.lg.com/us/cell-phones/lg-lmv600amaattcb-att-v60-thinq-5g. LG denies that is has committed any acts of patent infringement. Plaintiff's allegations in Paragraph 115 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

116. LG denies that it has committed any acts of patent infringement. Paragraph 116 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

117. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 26, *supra*, regarding Plaintiff's website allegations. Paragraph 117 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

118. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 118 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

119. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 119 of the Complaint contains

legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

120. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

121. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 29, *supra*, regarding Exhibit 2. Paragraph 121 of the Complaint further contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are vague and indefinite, and LG denies the allegations.

122. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 122 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

123. LG denies the allegations in Paragraph 123 of the Complaint.

**COUNT 7 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,421,188**

124. LG incorporates by reference paragraphs 1–123 as if fully set forth herein.

125. LG admits that, on its face, U.S. Patent No. 7,421,188 ("the '188 patent") is titled "INFORMATION EDITION DEVICE, INFORMATION EDITION METHOD, INFORMATION EDITION PROGRAM, AND INFORMATION RECORDING MEDIUM" and reads "Date of Patent: Sep. 2, 2008." LG admits that Exhibit 8 to the Complaint is a purported copy of the '188 patent. LG is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 125 of the Complaint and therefore denies those allegations.

126. Paragraph 126 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint and therefore denies those allegations.

127. Plaintiff's allegations in Paragraph 127 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

128. LG denies that it has committed any acts of patent infringement. Paragraph 128 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

129. Paragraph 129 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

130. Paragraph 130 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

131. Paragraph 131 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

132. LG denies that it has committed any acts of patent infringement. Paragraph 132 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

133. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 26, *supra*, regarding Plaintiff's website allegations. Paragraph 133 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

134. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 134 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

135. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 135 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

136. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 29, *supra*, regarding Exhibit 2. Paragraph 136 of the Complaint further contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are vague and indefinite, and LG denies the allegations.

137. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 137 of the Complaint contains

legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

138. LG denies the allegations in Paragraph 138 of the Complaint.

**COUNT 8 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,818,449**

139. LG incorporates by reference paragraphs 1–138 as if fully set forth herein.

140. LG admits that, on its face, U.S. Patent No. 9,818,449 ("the '449 patent") is titled "EDITING METHOD AND RECORDING AND REPRODUCING DEVICE" and reads "Date of Patent: Nov. 14, 2017." LG admits that Exhibit 9 to the Complaint is a purported copy of the '449 patent. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140 of the Complaint and therefore denies those allegations.

141. Paragraph 141 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint and therefore denies those allegations.

142. Plaintiff's allegations in Paragraph 142 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

143. LG denies that it has committed any acts of patent infringement. Paragraph 143 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

144. Paragraph 144 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

145. Paragraph 145 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

146. Paragraph 146 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

147. Paragraph 147 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

148. Paragraph 148 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

149. LG denies that it has committed any acts of patent infringement. Paragraph 149 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

150. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 26, *supra*, regarding Plaintiff's website allegations. Paragraph 150 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

151. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 151 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

152. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 152 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

153. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 29, *supra*, regarding Exhibit 2. Paragraph 153 of the Complaint further contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are vague and indefinite, and LG denies the allegations.

154. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 154 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

155. LG denies the allegations in Paragraph 155 of the Complaint.

## COUNT 9 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,199,072

156. LG incorporates by reference paragraphs 1–155 as if fully set forth herein.

157. LG admits that, on its face, U.S. Patent No. 10,199,072 ("the '072 patent") is titled "EDITING METHOD AND RECORDING AND REPRODUCING DEVICE" and reads "Date of Patent: Feb. 5, 2019." LG admits that Exhibit 10 to the Complaint is a purported copy of the '072

patent. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 of the Complaint and therefore denies those allegations.

158. Paragraph 158 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint and therefore denies those allegations.

159. Plaintiff's allegations in Paragraph 159 of the Complaint are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

160. LG denies that it has committed any acts of patent infringement. Paragraph 160 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

161. Paragraph 161 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

162. Paragraph 162 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

163. Paragraph 163 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

164. Paragraph 164 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

165. Paragraph 165 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

166. Paragraph 166 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

167. Paragraph 167 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

168. LG denies that it has committed any acts of patent infringement. Paragraph 168 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

169. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 26, *supra*, regarding Plaintiff's website allegations. Paragraph 169 of the Complaint further contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

170. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 170 of the Complaint contains

legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

171. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 171 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

172. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. LG refers to, and incorporates by reference, its response in ¶ 29, *supra*, regarding Exhibit 2. Paragraph 172 of the Complaint further contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are vague and indefinite, and LG denies the allegations.

173. LG denies that it has committed any acts of patent infringement or that it has induced or contributed to any acts of patent infringement. Paragraph 173 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and LG denies the allegations.

174. LG denies the allegations in Paragraph 174 of the Complaint.

## [ALLEGED] DAMAGES

LG denies the allegations in the section titled "Damages" in the Complaint.

## JURY DEMAND

No response is required to Plaintiff's jury demand.

## [PLAINTIFF'S] PRAYER FOR RELIEF

LG denies that Plaintiff is entitled to the relief sought in its Complaint or any relief whatsoever.

***

To the extent that any allegations in the Complaint have not been previously specifically admitted or denied, LG denies them.

## ADDITIONAL DEFENSES

LG asserts the following additional defenses in response to Plaintiff's Complaint and Plaintiff's assertion of infringement of U.S. Patent Nos. 6,856,760; 6,973,334; 7,199,821; 10,244,284; 8,339,493; 8,736,729; 7,421,188; 9,818,449; 10,199,072 (individually and collectively, the "Asserted Patents"). LG reserves the right to amend its Answer to assert additional defenses, including allegations of inequitable conduct and/or any other defenses currently unknown to LG, as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that LG has the burden of proving the matter asserted.

## FIRST ADDITIONAL DEFENSE
## (No Infringement)

LG does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

## SECOND ADDITIONAL DEFENSE
## (Invalidity)

The asserted claims of the Asserted Patents are invalid for failure to satisfy one or more of the conditions or requirements for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, and/or 132, and the rules, regulations, and laws pertaining thereto, and/or pursuant to the doctrines barring double-patenting.

**THIRD ADDITIONAL DEFENSE**
**(Unenforceability)**

Plaintiff's claims are barred, in whole or in part, by reason of estoppel, laches, waiver, implied waiver, acquiescence, prosecution laches, patent misuse, unclean hands, and/or other equitable doctrines.

**FOURTH ADDITIONAL DEFENSE**
**(License, Covenant Not to Sue, and Exhaustion)**

Plaintiff's claims are barred, in whole or in part, to the extent any of the claims of the Asserted Patents are subject to a license and/or covenant not to sue, whether express or implied, and/or the doctrine of patent exhaustion.

**FIFTH ADDITIONAL DEFENSE**
**(No Damages)**

Plaintiff has not suffered, and will not suffer, any injury or damages as a result of the alleged conduct by LG in the Complaint, and Plaintiff is not entitled to any damages under 35 U.S.C. § 284.

**SIXTH ADDITIONAL DEFENSE**
**(Marking and Other Limitations of Remedies)**

Plaintiff's claims for relief are statutorily limited, in whole or in part, by Title 35 of the United States Code including, without limitation, 35 U.S.C. §§ 286 and 287. By way of example, Plaintiff's recovery for alleged infringement of the Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of a complaint, pursuant to § 286. By way of further example, to the extent that Plaintiff and/or any predecessors in interest, or any licensees to the Asserted Patents, failed to properly mark any of their relevant products or materials as required by § 287, or otherwise failed to give proper notice that LG's actions allegedly infringe the Asserted Patents, LG is not liable to Plaintiff for the acts alleged to have been

performed before LG received actual notice that the accused devices were allegedly infringing the Asserted Patents.

Plaintiff's recovery for alleged infringement of the Asserted Patents, if any, is also limited by the issuance and/or expiration dates of the Asserted Patents. Plaintiff cannot recover damages for the time period before an Asserted Patent issued and/or for the time period after an Asserted Patent expired.

Further, to the extent that Plaintiff's claims relate to the use or manufacture by or for the United States of the accused devices, Plaintiff's claims are limited by 28 U.S.C. § 1498, and Plaintiff's sole remedy is an action for damages filed with the United States Court of Federal Claims pursuant to § 1498.

**SEVENTH ADDITIONAL DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

Plaintiff's claims are barred by the doctrines of prosecution history estoppel and/or prosecution disclaimer based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents and/or during the prosecution of related patent applications.

**EIGHTH ADDITIONAL DEFENSE**
**(Failure to State a Claim)**

Plaintiff failed to state a claim for which relief can be granted and/or plead the required allegations with sufficient particularity.

**NINTH ADDITIONAL DEFENSE**
**(No Costs)**

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

**TENTH ADDITIONAL DEFENSE**
**(No Exceptional Case or Attorneys' Fees)**

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against LG pursuant to 35 U.S.C. § 285.

**ELEVENTH ADDITIONAL DEFENSE**
**(Lack of Standing)**

To the extent that Plaintiff is not, or was not as of the filing date of the Complaint, the sole and total owner of all substantial rights in any of the Asserted Patents, or to the extent the purported assignments of the asserted patents are defective for any reason, Plaintiff lacks standing to bring and/or maintain one or more claims in this action.

**TWELFTH ADDITIONAL DEFENSE**
**(Ensnarement)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of ensnarement.

**THIRTEENTH ADDITIONAL DEFENSE**
**(No Willful Infringement or Enhanced Damages)**

To the extent Plaintiff alleges that LG willfully infringes the Asserted Patents, its claims are barred, in whole or in part, for any time periods during which LG did not know of the Asserted Patents and/or did not otherwise have the knowledge and/or specific intent required for willful infringement. Further, Plaintiff is not entitled to any enhanced damages under 35 U.S.C. § 284 for any time period because LG has not intentionally, willfully, or deliberately infringed any claim of the Asserted Patents, or acted with egregious conduct.

**FOURTEENTH ADDITIONAL DEFENSE**
**(Knowledge, Intent, and Substantial Non-Infringing Use)**

Plaintiff's claims that LG indirectly infringes the Asserted Patents, either contributorily or by inducement, are barred, in whole or in part, because LG is not liable to Plaintiff for the allegedly infringing acts for any time periods during which LG did not know of the Asserted Patents, and/or

did not have the specific intent to cause infringement of the Asserted Patents, and/or otherwise did not know that its actions would constitute indirect infringement, and/or did not know that the actions of third parties would constitute direct infringement. In addition, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to any infringement of the claims of the Asserted Patents.

## LG'S PRAYER FOR RELIEF

LG respectfully requests that the Court enter judgment in favor of LG and against Plaintiff and grant the following relief:

1. The Court enter a judgment dismissing the Complaint in its entirety with prejudice, and denying Plaintiff all requested relief;

2. The Court find that LG has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any valid and enforceable claim of any Asserted Patent;

3. The Court find that the asserted claims of the Asserted Patents are invalid and/or unenforceable;

4. The Court find that this case is exceptional, entitling LG to its attorneys' fees under 35 U.S.C. § 285, and award LG its costs, expenses, and reasonable attorneys' fees; and

5. The Court grant LG all other and further relief that the Court deems appropriate.

## LG'S JURY DEMAND

LG respectfully demands a trial by jury on all issues so triable.

Dated: April 23, 2024

**FISH & RICHARDSON P.C.**

By: */s/ R. Andrew Schwentker*

Michael J. McKeon
Christian A. Chu
R. Andrew Schwentker
Michael J. Ballanco
Jack R. Wilson, IV
Jenna Kuh
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
Fax: (202) 783-2331
Email: mckeon@fr.com; chu@fr.com;
schwentker@fr.com; ballanco@fr.com;
jwilson@fr.com; kuh@fr.com

Bailey K. Benedict
Texas Bar No. 24083139
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109
Email: benedict@fr.com

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
Email: melissa@gillamsmithlaw.com

***Attorneys for Defendants***
***LG ELECTRONICS INC. and***
***LG ELECTRONICS U.S.A., INC.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 23, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ R. Andrew Schwentker*
R. Andrew Schwentker